JS - 6

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| NICOLE COGDELL, et al. | CASE NO. SACV 12-1138 AG (ANx) |
| Plaintiffs, | |
| v. | ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND GRANTING IN PART APPLICATIONS FOR ATTORNEY FEES AND COSTS |
| THE WET SEAL, INC., et al. | |
| Defendants. | |

The Parties filed their Settlement Agreement and Joint Stipulation ("Settlement Agreement") (Dkt. No. 78-1), the terms of which are incorporated in their entirety by this reference. The Court has considered Class Counsel's Unopposed Motion for Final Approval of Class Action Settlement (Dkt. No. 105), Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. No. 84), Fee Application by Law Offices of Sima Fard (Dkt. No. 85), and supporting memoranda, declarations, and opposition papers (collectively, the "Motions").

The Court entered an Order granting preliminary approval of the Settlement Agreement and the class action settlement it embodies (the "Settlement") on June 12, 2013 (Dkt. No. 80), which

certified the Settlement Class, appointed Class Counsel, approved the notice plan and directed distribution of notice, and set a schedule for the final approval process.

The Court finds that the Class received valid, due, and sufficient notice in conformity with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

A Final Approval Hearing was held on November 18, 2013, at which all interested persons were given a full opportunity to object to or be heard regarding the Settlement.

The Court has read and fully considered all submissions made in connection with the proposed Settlement, including the claims made by Sima Fard.

The Court has read and fully considered numerous submissions made in connection with the requests for attorneys' fees by Class Counsel and by Sima Fard, has heard argument in multiple hearings on these requests, has reviewed documents related to these requests en camera, and sees no need for additional briefing on the applications for attorney fees.

THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:

1.    The Court has jurisdiction over the Action and all Parties in the Action under 28 U.S.C. § 1331.

2.    In accordance with the Court's Preliminary Approval Order, the Claims Administrator provided timely notice to the Class by first-class mail, and performed reasonably diligent skip tracing and re-mailing of notice to those Class Members whose notice packets were returned. The Claims Administrator also posted the notice packet and other relevant documents on a website it established for this Action. The form and manner of delivery of notice to the Class met the requirements of Rule 23 and due process, constituted the best

notice practicable under the circumstances, and constituted due and sufficient notice to all members of the Class.

3. The Motion for Final Approval of the Settlement is GRANTED. The Court has reviewed the terms of the Settlement Agreement, including specifically the injunctive and monetary relief provisions, the allocation plan, the Class's release of claims, and the provisions regarding attorneys' fees and costs, and finds them fair, reasonable, and adequate in all respects. The Court previously certified the Settlement Class in its Preliminary Approval Order. The Court concludes that the Settlement is the product of non-collusive, arm's-length negotiations, including the negotiations regarding attorneys' fees and costs. There is no evidence of collusion or other conflicts of interest. The Claims Administrator's procedures for allocating the monetary relief according to the criteria in the Settlement Agreement are fair, reasonable, and adequate. No Class Members objected to any aspect of the Settlement.

4. The Settlement Agreement shall be entered as an Order of this Court.

5. The Settlement shall remain in effect until June 12, 2016.

6. The Parties to the Settlement and the Claims Administrator are authorized and directed to consummate the Settlement and to perform under the terms of the Settlement.

7. The Class Representatives and Class Members (other than those who timely filed Exclusion Statements) are permanently enjoined from prosecuting against the Released Parties any and all Released Claims as defined in Paragraph 81 of the Settlement.

8. Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED IN PART. The Court reviewed the memoranda, billing records, and other documentation provided in support of

1    Plaintiffs' Motion for Attorney's Fees and Costs, as well as the papers concerning fees for

2    Class Counsel filed by Sima Fard. Class Counsel is awarded a total of $1,729,037.80,

3    which includes attorney fees and reasonable costs for work performed to date as well as

4    future monitoring and enforcement throughout the three-year term of the Settlement. This

5    award is 23 percent of the total Settlement Fund, which is less than the 25 percent

6    benchmark for attorney fees in common fund cases. *See In re Washington Pub. Power*

7    *Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994). A lodestar analysis confirms

8    the reasonableness of the award, as the award is slightly less than the total fees billed by

9    Class Counsel, even without applying a multiplier. Notice of the requested award of

10    attorney fees and costs was directed to the Class Members in a reasonable manner, and no

11    Class Member objected to the requested fees or costs.

12

13    9.    The  Fee Application by Law Offices of Sima Fard is GRANTED IN PART. Though she

14          was terminated from the litigation team representing Plaintiffs on July 3, 2012, Fard is

15          entitled to fees for the work she did before her termination, including her investigatory

16          work. She is also entitled to fees for the work she did after her termination to the extent

17          that work benefitted the class, such as bringing issues concerning the fee request of Class

18          Counsel to the Court's attention. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051

19          (9th Cir. 2002) (holding that objectors are entitled to fees only to the extent they "increase

20          the fund or otherwise substantially benefit the class members"). Based on a review of the

21          billing records Fard submitted to the Court, the Court finds that she is entitled to

22          $59,887.20 for her work before her termination, and an additional $11,075.00 for her

23          work after her termination. Fard is entitled to a total fee award of $70,962.20.

24

25    10.   Because the Court has already received extensive briefing and heard argument on fee

26          requests by Class Counsel and Sima Fard, the Request for Extension of Time to file

27          additional briefing (Dkt. No. 112) is DENIED.

28

11.   The above-captioned Action is dismissed with prejudice.

12.   The Clerk of the Court is directed to enter final judgment in this Action under Rule 58 in accordance with this Order and the Settlement.

13.   The Court retains jurisdiction over the Action and the Settlement to enforce and resolve disputes under the Settlement, address settlement administration matters, and address such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

DATED: December 9, 2013

_____
Andrew J. Guilford
United States District Judge